1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

7
8

Meloniece Dukes,
Plaintiff

CV-25-1124-PHX-JFM

9

-vs-
United States of America,
Defendant.

10

**Report & Recommendation**

11    This matter is before the undersigned magistrate judge awaiting consents pursuant

12    to 28 U.S.C. § 636(c).  Because the appropriate resolution of this matter is dispositive of

13    claims or defenses, the undersigned proceeds by way of a Report & Recommendation to

14    Senior District Judge McNamee, pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order

15    21-25.

16    Plaintiff commenced this civil rights action on April 4, 2025 by filing a *pro se*

17    Complaint (Doc. 1) and Application to Proceed In Forma Pauperis (Doc. 2).  On May 9,

18    2025, the Court denied without prejudice Plaintiff's Application to Proceed In Forma

19    Pauperis, with leave to file an amended application, on the basis that the application

20    suggested available assets, and was inconsistent with IFP Applications filed by Plaintiff in

21    other cases which suggested available assets or income.[1]  Plaintiff was given 14 days to

22    file an amended application with additional explanation.  (Order 5/9/25, Doc. 10.)

23    Plaintiff then filed an Amended IFP Application (Doc. 11) which failed to address

24    the inconsistencies with prior applications and indicating unexplained changes from the

25    original IFP application.  Consequently, the Amended IFP Application was denied without

26

27    [1] Local Rule of Civil Procedure 72.2(a)(4) directs that absent consent to magistrate
jurisdiction, a magistrate judge may not deny a request for in forma pauperis status made
28    "consistent with federal law."  Here, the denial was not on the merits and was with leave
to amend.

- 1 -

prejudice, and Plaintiff was given 14 days to file an amended IFP application addressing the issues, or to pay the filing fees.  (Order 5/14/25, Doc. 12.)

That deadline expired on May 28, 2025.  No amended, or renewed application to proceed in forma pauperis has been filed.  Nor has Plaintiff paid the filing fees, or otherwise responded or taken action to prosecute this case.

Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978).  Plaintiff's failure to timely file an amended application constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action."  *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first (**expeditious resolution**), second (**docket management**), and third (**prejudice**) factors favor dismissal of this case.  Plaintiff's failure to pursue an IFP application or pay the fees prevents the case from proceeding in the foreseeable future.

- 2 -

The fourth factor (**merits**), as always, weighs against dismissal. The fifth factor (**alternatives**) requires the court to consider whether a less drastic alternative is available. Here, monetary sanctions are unlikely to be effective, assuming Plaintiff's assertions of impecunity are correct. Plaintiff's complete failure to respond suggests simple abandonment of the case, and that other administrative or evidentiary sanctions will be ineffective.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action shou8ld therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** this action be **DISMISSED WITHOUT PREJUDICE**.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143,

1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: June 2, 2025

25-1124r RR 25 06 02 re Dismiss re Fees.docx

James F. Metcalf
United States Magistrate Judge